

# The Attorney General
# of Texas

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 5, 1965

Mr. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. C-476

Re: Whether employees of the
Highway Department are ex-
empt from the provisions
of Article 7621e, Vernon's
Civil Statutes (The Water
Well Drillers Act), under
the stated facts and re-
lated questions.

Dear Sir:

You have requested our opinion concerning the applicability
of the Water Well Drillers Act to certain Highway Department
employees who may, during the course of their employment,
find it necessary to drill an occasional water well on prop-
erty owned by the State. In your request you state that:

"In the course of this Department's
operations we drill approximately five (5)
water wells per year on State land with
State equipment and State employees.

"* * *

". . . our employees are not primarily
engaged for compensation in the drilling of
water wells since this is considered a minor
activity to their regular duties inasmuch as
these employees are primarily engaged by the
Department for core drilling to provide sam-
ples for testing soil structure.

". . . our employees will be drilling water
wells on our own property and none other."

You then ask:

". . . since our employees may occasionally
drill a water well with no separate compensa-
tion from their regular pay with these few
wells being constructed by State employees on

-2255-

State land with State equipment, are we exempt from the provisions as set forth in this Act?

"If as a State agency we are not exempt with the above in consideration, we would like to know if State employees are exempt from the payment of registration and renewal fees.

"If our employees are not exempt from the provisions of this Act, would it suffice for us to have one supervisory employee registered with the responsibility of compliance with this Act for any wells our crews drill.

"Do the provisions of this Act relating to bonding require that a State employee provide bond in the amount of $2,000.00?"

The Water Well Drillers Act, Acts 59th Leg., R.S. 1965, Ch. 264, p. 509, codified as Article 7621e, Vernon's Civil Statutes, is an act designed to provide minimum standards and qualifications for persons who are engaged in the drilling of water wells for compensation in this State. Legislative intent in passing the Act is manifested in the caption which provides that it is "an act designed to aid in the prevention of pollution of the State's underground water by providing minimum water well drillers qualifications and standards."

Section 3(a) of the Act states:

"It shall be unlawful for any person to act as or to offer to perform services as a water well driller without first obtaining a certificate of registration in the manner prescribed herein and pursuant to the rules of /the7 Water Well Drillers Board."

Section 13(a) of the Act provides:

"Any person not holding a certificate of registration as a registered water well driller who drills, bores, cores or constructs any water well in this State for compensation shall be guilty of a misdemeanor. . . ."

Section 13(a), standing alone, could be subject to a somewhat broader interpretation with regard to what specific action is unlawful. At the same time, reading the various sections of the Act together, particularly Sections 2(e) and 3(a), the conclusion is inescapable that the law intends to regulate those who hold themselves out to the public or who perform the services of a water well driller for the public for compensation and to make these activities unlawful unless the person holds a certificate of registration from the Water Well Drillers Board.

A "water well driller" is defined in Section 2(e) as:

". . . any person (including owner, operator, and drilling supervisor) who engages for compensation in the drilling, boring, coring, or construction of any water well in this State. The term, however, shall not include any person who drills, bores, cores, or constructs a water well on his own property for his own use or a person who assists in the construction of a water well under the direct supervision of a registered water well driller and is not primarily responsible for the drilling operations."

This section, as does Section 13(a), places the regulated activity in context of persons who are engaged in the business of drilling wells for the public for profit. The mere fact that a person who drills or engages in well drilling activities receives compensation is not conclusive in determining whether a certificate of registration is mandatory, however, because the definition of the regulated activity exempts both persons who drill on their own property for their own use and persons who work for or under the supervision of a registered water well driller.

This office held in Attorney General's Opinion V-549, April 23, 1948, that Article 6243-101, Vernon's Civil Statutes, by exempting from the Plumbing License Law persons who perform plumbing on their own property, also exempts servants of the property owner performing plumbing under his supervision and control on his own property. The same analogy no doubt is applicable to the Water Well Drillers Act.

From the facts stated in the request for opinion, the employees involved receive compensation only by virtue of

their general employment by the State and not for the purposes of drilling water wells. They also do not act or offer to perform services as water well drillers and are engaged in the occasional drilling of water wells on their employer's --the State's--own land. Under these facts, we hold that the State employees concerned fall within the exemptions contained in the Water Well Drillers Act and are not required by the law to be registered water well drillers.

The remaining questions become moot with this conclusion.

## S U M M A R Y

Employees of the State Highway Department drilling or supervising the drilling of an occasional water well on land owned by the State are exempt from the Water Well Drillers Act, codified as Article 7621e, Vernon's Civil Statutes, and are not required to be registered water well drillers.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By ___F. R. Booth___
    F. R. Booth
    Assistant

FRB:sc

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

Pat Bailey
Linward Shivers
Milton Richardson
Robert Lemens

APPROVED FOR THE ATTORNEY GENERAL
By T. B. Wright